# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THOMAS A. KRAMER,**

        **Plaintiff,**　　　　　　　　　　Case No. 08-15182

vs.　　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. Introduction**

This matter is before the Court on Magistrate Judge Mark A. Randon's Report and Recommendation, dated January 14, 2010 [Docket No. 19]. On September 3, 2009, Plaintiff filed a Motion for Remand pursuant to Sentence Four [Docket No. 14]. Defendant filed a Motion for Summary Judgment on November 4, 2009 [Docket No. 17]. Plaintiff filed a Response to the Motion for Summary Judgment on November 13, 2009 [Docket No. 18]. The Magistrate Judge issued a Report and Recommendation denying Plaintiff's Motion to Remand and granting Defendant's Motion for Summary Judgment on January 4, 2010. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on January 28, 2010 [Docket No. 20]. Defendant filed its response to Plaintiff's objections on February 11, 2010 [Docket No. 21].

## II. Standard of Review

### A. Report and Recommendation

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his or her conclusion. *Garner v. Heckler*, 745 F. 2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F. 2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F. 2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F. 2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F. 2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F. 2d 1147, 1150 (8th Cir. 1984)).

To preserve the right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided in U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right to an appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's recommendation on January 28, 2010.

**B. Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

**III. Applicable Law & Analysis**

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's assessment that Plaintiff failed to meet or equal Listing 12.05(C) Mental Retardation. Plaintiff argues that his "IQ score is 'close enough' and that he should qualify for Listing 12.05(C) given that he has other mental limitations." (R & R at

12). Plaintiff contends that his score is "much more than a 'margin of error' or 'close enough'" case because Plaintiff was only one point above the qualifying range. (Plaintiff's Reply to the R& R at 2). The Magistrate Judge acknowledged that other courts have rejected the "margin of error" argument with respect to Listing 12.05( C), even when an individual's IQ falls outside of the qualifying range by one point. The Magistrate Judge also states that there was substantial evidence on the record that "Plaintiff's IQ was above the range set forth in Listing 12.05(C)." (R & R at 14). This Court agrees with the Magistrate Judge's assessment.

Second, Plaintiff objects to the Magistrate Judge's assessment that the ALJ did not err in relying on the Vocational Expert's (VE) testimony about jobs that Plaintiff could perform. Plaintiff argues that the VE erroneously relied on jobs listed in the Dictionary of Occupational Titles (DOT), failing to take into consideration that Plaintiff is functionally illiterate. The Magistrate Judge concluded that the VE's testimony did not result in unresolved inconsistencies with the DOT, because the VE's testimony expressly addressed and accounted for Plaintiff's literacy issues. This Court agrees with the Magistrate Judge's assessment.

Accordingly,

IT IS ORDERED that Magistrate Judge Mark A. Randon's Report and Recommendation [**Docket No. 19, filed January 14, 2010**] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [**Docket No. 17, filed on November 4, 2009**] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Remand Pursuant to Sentence Four [**Docket No. 14, filed on September 3, 2009** ] is DENIED.

IT IS FURTHER ORDERED that this cause of action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager